# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br><br>       Plaintiff,  )<br>vs.  )<br>  )<br>EASTWOOD CONSTRUCTION, LLC  )<br>  )<br>and  )<br>  )<br>EASTWOOD HOMES, INC.  )<br>  )<br>  )<br>       Defendants.  )<br>  ) | Civil Action No. |

## CONSENT DECREE

# TABLE OF CONTENTS

I. DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. APPLICABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV. BUILDERS' COMPLIANCE PROGRAM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

V. CIVIL PENALTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

VI. REPORTING REQUIREMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

VII. STIPULATED PENALTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

VIII. FORCE MAJEURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

IX. DISPUTE RESOLUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

X. INFORMATION COLLECTION AND RETENTION . . . . . . . . . . . . . . . . . . . . . 35

XI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS . . . . . . . . . . . . . . . . 36

XII. COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

XIII. NOTICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

XIV. EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

XV. RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

XVI. MODIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

XVII. TERMINATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

XVIII. PUBLIC PARTICIPATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

XIX. SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

XX. INTEGRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

XXI.  <u>FINAL JUDGMENT</u> ..................................................... 44

XXII.  <u>APPENDICES</u> ........................................................ 44

iii

Whereas, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed the Complaint in this matter alleging that Eastwood Construction, LLC ("Eastwood Construction") and Eastwood Homes, Inc. ("Eastwood Homes") have violated the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, and the regulations promulgated pursuant to that statute, including the conditions and limitations of the General Permits of the States of North Carolina and South Carolina.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section II, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. DEFINITIONS

1.    <u>Definitions</u>.  Except as specifically provided in this Consent Decree ("Decree"), the terms used in this Decree shall be defined in accordance with definitions in the Clean Water Act and the regulations promulgated pursuant to the Clean Water Act.  Whenever the terms listed below are used in this Decree, the following definitions apply:

a.    Action Item - a condition that requires action to be taken to achieve or maintain compliance with Storm Water Requirements.

b.    Applicable Permit - whichever of the following permits is applicable to a particular Site: (i) the Authorized State NPDES construction general permit; or (ii) an individual NPDES permit issued by EPA or an Authorized State for storm water discharges associated with

construction. This term applies to that permit in its current form or as it may be amended in the future. This term also includes permits where Builder is a co-permittee.

      c.      Authorized State - a state with an NPDES Permit Program that has been authorized by EPA under § 402(b) of the CWA, 33 U.S.C. § 1342(b), and 40 C.F.R. Part 123.

      d.      Best Management Practices ("BMPs") - the definition in the Applicable Permit or 40 C.F.R. § 122.2, in its current form or as it may be amended in the future. The current definition in 40 C.F.R. § 122.2 is "schedules of activities, prohibitions of practices, maintenance procedures, and other management practices to prevent or reduce the pollution of 'waters of the United States.' BMPs also include treatment requirements, operating procedures, and practices to control plant site runoff, spillage or leaks, sludge or waste disposal, or drainage from raw material storage."

      e.      Builder - Eastwood Construction, LLC and Eastwood Homes, Inc. for all parts of the Consent Decree except for Section IV (the Compliance Program). For Section IV (the Compliance Program), Builder is Eastwood Construction, LLC or Eastwood Homes, as applicable, depending on which company is engaging in construction activity at the area in question. For all parts of the Consent Decree, Builder shall also mean any future successors or assigns of Eastwood Construction, LLC and/or Eastwood Homes, Inc., including any future formed corporation that is the successor corporation of a merger between Eastwood Construction, LLC and Eastwood Homes, Inc.

      f.      Business Day - any day other than a Saturday, Sunday, or State or Federal legal holiday. If a stated time period in the Decree expires on a Saturday, Sunday, or State or Federal legal holiday, it shall be extended to include the next Business Day.

g.      Clean Water Act ("CWA" or "the Act") - the Federal Water Pollution Control Act, as amended, 33 U.S.C. §§ 1251 *et seq.*

h.      Complaint - the complaint filed by the United States in this action;

i.      Consent Decree or Decree - this Consent Decree and all appendices attached hereto (listed in Section XXII);

j.      Contractor - any contractor (other than a Storm Water Consultant, a utility company or its contractor, or a contractor hired at the behest of a governmental entity or a utility company) that has a contract with Builder to perform work on a Site.

k.      Contractor Representative - a person with the authority and responsibilities described in Paragraph 20(b) (Contractor and Storm Water Consultant Compliance).

l.      Corporate Compliance Summary Report  - a report in the form attached at Appendix G and as required by Paragraph 17 (Corporate Compliance Summary Report).

m.      Corporate Storm Water Compliance Representative - a Builder employee designated pursuant to Paragraph 8 (Designation of Storm Water Compliance Representatives).

n.      Defendants - Eastwood Construction, LLC and Eastwood Homes Inc.

o.      Designee - a Builder employee who is Storm Water Trained, pursuant to Paragraph 18 (Storm Water Training Program), or a "Storm Water Consultant" as that term is defined in Paragraph 1(pp).

p.      Eastwood Construction - the Eastwood Construction, LLC.

q.      Eastwood Homes - the Eastwood Homes, Inc.

r.      Effective Date - shall have the meaning given in Paragraph 66.

s.      EPA - the United States Environmental Protection Agency.

3

t.　　Government Inspection - a state or federal inspection conducted to evaluate compliance with Storm Water Requirements. This term also includes local inspections conducted by a local government entity to enforce an Applicable Permit if that entity has been delegated inspection or enforcement authorities for that permit.

u.　　Listed Contractor - any Contractor of the types identified in Appendix J.

v.　　List of Sites - a list of Sites as required by Paragraph 9 (Notice to EPA of List of Sites).

w.　　Notice of Intent ("NOI") - a request for coverage under an Applicable Permit.

x.　　Notice of Termination ("NOT") - notification that coverage under an Applicable Permit is ready for termination.

y.　　Paragraph - a portion of this Decree identified by an Arabic numeral.

z.　　Parties - the United States, Eastwood Construction, LLC, and Eastwood Homes, Inc. The Parties shall also include any future successors or assigns of Eastwood Construction, LLC and/or Eastwood Homes, Inc., including any future formed corporation that is the successor corporation of a merger between Eastwood Construction, LLC and Eastwood Homes, Inc.

aa.　　Plaintiff - the United States on behalf of the United States Environmental Protection Agency.

bb.　　Pre-Construction Inspection and Review - the inspection and review required by Paragraph 12 (Pre-Construction Inspection and Review).

cc.     Pre-Construction Inspection and Review Form ("PCIR Form") - the form attached at Appendix C and as required by Paragraph 12 (Pre-Construction Inspection and Review).

dd.     Quarterly Compliance Inspection - an inspection of a Site, as required by Paragraph 15 (Site Storm Water Compliance Review and Oversight).

ee.     Quarterly Compliance Inspection Form - the form attached as Appendix E and as required by Paragraph 15 (Site Storm Water Compliance Review and Oversight).

ff.     Quarterly Compliance Review - a compliance review of a Site as required by Paragraph 15 (Site Storm Water Compliance Review and Oversight).

gg.     Quarterly Compliance Review Form - the form attached at Appendix E and as required by Paragraph 15 (Site Storm Water Compliance Review and Oversight).

hh.     Quarterly Compliance Summary Report - a report in the form attached at Appendix F and as required by Paragraph 16 (Quarterly Compliance Summary Report ).

ii.     Record - any record, report, document, or photograph required to be created or maintained pursuant to Storm Water Requirements.

jj.     Responsive Action - an action taken or that is necessary to be taken to achieve or maintain compliance with Storm Water Requirements.

kk.     Section - a portion of this Decree identified by a Roman numeral.

ll.     Site - any area where Builder engages in construction activity, and where coverage under an Applicable Permit is required.  Builder may treat non-contiguous areas that are part of a common plan of development as a single Site.

5

mm.     Site Inspection - an inspection of a Site, as required by Paragraph 13 (Inspections).

nn.     Site Inspection Report - the applicable form attached at Appendix D and as required by Paragraph 13 (Inspections).

oo.     Site Storm Water Compliance Representative - a Builder employee designated pursuant to Paragraph 8 (Designation of Storm Water Compliance Representatives) to oversee storm water compliance activities at a Site.

pp.     Storm Water Compliance Representatives - Site Storm Water Compliance Representatives and the Corporate Storm Water Compliance Representative.

qq.     Storm Water Consultant - a person or company who provides professional or expert assistance to Builder in complying with Storm Water Requirements. Each person who is a Storm Water Consultant shall: (i) possess the skills to assess conditions at a Site that could impact the quality of storm water and non-storm water discharges and compliance with Storm Water Requirements; and (ii) be knowledgeable in the principles and practices of sediment and erosion control and other BMPs. The term "Storm Water Consultant" does not include Contractors hired exclusively to install, maintain, or repair BMPs. Such Contractors are not Designees.

rr.     Storm Water Consultant Representative - a person with the authority and responsibilities described in Paragraph 20(b) (Contractor and Storm Water Consultant Compliance).

ss.     Storm Water Orientation Program - this term includes all of the orientation requirements set forth in Paragraphs 19 and 20 (Storm Water Orientation Program and Contractor and Storm Water Consultant Compliance).

tt.     Storm Water Pollution Prevention Plan ("SWPPP") - a plan for controlling pollutants in storm water and non-storm water discharges that meets Storm Water Requirements.

uu.     Storm Water Requirements - the terms and conditions of this Decree and the Applicable Permit for the particular Site, and the laws and regulations that apply, interpret, or enforce the Applicable Permit, in their current form or as any of the foregoing requirements may be amended in the future.

vv.     Storm Water Trained - an individual who: (i) is certified under the Storm Water Training Program pursuant to Paragraph 18(a)(ii) and (iii) (Storm Water Training Program); or (ii) is certified by CPESC, Inc. under the Certified Professional in Erosion and Sediment Control ("CPESC") program, maintains a current CPESC certification, and receives the Builder-specific orientation described in Paragraph 19 (Storm Water Orientation Program); or (iii) is certified under another training program agreed to by Plaintiff after a request made to the EPA representative(s) listed in Section XIII (Notices).

ww.     Storm Water Training Program - this term includes all of the training required by Paragraph 18 (Storm Water Training Program).

xx.     United States - the United States of America, acting on behalf of EPA.

## II. JURISDICTION AND VENUE

2.     Jurisdiction and Venue. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Section 309(b) of the Clean

Water Act, 33 U.S.C. § 1319(b) and over the Parties. For purposes of this Decree, or any action to enforce this Decree, Builder consents to the Court's jurisdiction over Builder, this Decree, and any action to enforce this Decree. Builder also consents to venue in this judicial district for this action and any action to enforce this Decree.

3. Notification to States. In accordance with Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), the United States has notified the States of North Carolina and South Carolina of the commencement of this action.

### III. APPLICABILITY

4. Parties Bound. The obligations of this Decree apply to and are binding upon the United States and upon Builder and its successors or assigns. This Decree shall not be binding on any purchaser of real property who is not an entity otherwise covered by this Decree.

5. Responsibility for Acts of Others. Builder shall be responsible for compliance with Storm Water Requirements at Builder's Sites. Builder has no responsibility under this Consent Decree to assure compliance with Storm Water Requirements at locations to which Builder has no title or is not an operator. In any action to enforce this Decree, Builder shall not assert as a defense the failure by any officer, director, trustee, servant, successor, assign, employee, agent, Contractor, sub-contractor or Storm Water Consultant to comply with this Decree.

6. Non-Circumvention. Builder shall not alter its general corporate structure or enter into agreements with third parties for the primary purpose of directly or indirectly circumventing the requirements of this Consent Decree. The Parties acknowledge that Eastwood Construction, LLC and Eastwood Homes, Inc. anticipate a merger of their corporations into one entity within

8

the next two years. Eastwood Construction, LLC and Eastwood Homes, Inc agree not to dispute their obligations in this Consent Decree on the basis of such future merger of their corporations.

## IV. BUILDER'S COMPLIANCE PROGRAM

7.     <u>Compliance</u>. Builder shall comply with all applicable Storm Water Requirements at its Sites and shall not violate the prohibition in Section 301(a) of the Act by discharging pollutants in storm water without an Applicable Permit, or by making prohibited non-storm water discharges, to waters of the United States or the States at any of Builder's Sites.

8.     <u>Designation of Storm Water Compliance Representatives</u>.

a.     Builder shall designate at least one Site Storm Water Compliance Representative for each Site prior to signing the Pre-Construction Inspection and Review Form for that Site or within sixty (60) days of the Effective Date, whichever is later. Each Site Storm Water Compliance Representative shall:

i.     be a Builder employee;

ii.     be Storm Water Trained;

iii.     be authorized by Builder and have the responsibility to supervise all work necessary to meet Storm Water Requirements at the Site, including those performed by Contractors, sub-contractors and Storm Water Consultants.

iv.     be authorized by Builder and have the responsibility to order employees, Contractors, sub-contractors and Storm Water Consultants to take appropriate Responsive Action to address an Action Item or to address a failure to comply with Storm Water Requirements, including requiring any such person to cease or correct a violation

of Storm Water Requirements, and to order or recommend such other actions or sanctions as necessary to meet Storm Water Requirements;

       v.     be familiar with and have the authority and responsibility to update the Site's SWPPP;

      vi.     be the point of contact at the Site for regulatory officials, Builder employees, Contractors, sub-contractors and Storm Water Consultants regarding Storm Water Requirements; and

      vii.     report to the Corporate Storm Water Compliance Representative regarding compliance with Storm Water Requirements.

      b.     Builder shall designate one Corporate Storm Water Compliance Representative within seven (7) days of the Effective Date of this Decree. The Corporate Storm Water Compliance Representative shall:

      i.     be a Builder employee and be formally authorized by Builder to be Builder's Corporate Storm Water Compliance Representative hereunder, with reporting responsibility directly to Builder's President and Chief Operating Officer;

      ii.     be Storm Water Trained within thirty (30) days of the Effective Date;

      iii.     be authorized by Builder and have the responsibility to supervise all work necessary to meet Storm Water Requirements including those performed by Contractors, sub-contractors and Storm Water Consultants;

      iv.     be authorized by Builder to order employees, Contractors, sub-contractors and Storm Water Consultants to take appropriate Responsive Action to

address a failure to comply with Storm Water Requirements, including requiring any such person to cease or correct a violation of Storm Water Requirements, and to order or recommend such other actions or sanctions as necessary to meet Storm Water Requirements;

        v.     be familiar with and have the authority to update, certify and/or amend SWPPPs or cause the updating, certification and/or amendment of any Site's SWPPP;

        vi.     prepare and submit to EPA the List of Sites established pursuant to Paragraph 9 (Notice to EPA of List of Sites);

        vii.     submit the Corporate Compliance Summary Report to EPA pursuant to Paragraph 17 (Corporate Compliance Summary Report); and

        viii.     serve as Builder's point of contact for Plaintiff for nationwide compliance matters related to Storm Water Requirements.

        c.     If a Storm Water Compliance Representative must be replaced and Builder replaces him or her within sixty (60) days of the vacancy, the gap in designation shall not be deemed a violation of Paragraph 8(a), (b), (c) or (f) of this Decree. However, the gap in designation shall not excuse non-compliance with any other Storm Water Requirement. During the gap, a Storm Water Trained Builder employee shall fulfill the signature requirements of Paragraphs 13(b), 15(c) and 16.

        d.     Except as expressly provided in this Decree, Storm Water Compliance Representatives may delegate the performance of storm water compliance duties required under this Decree to Designees. Any such delegation does not relieve Builder or its Storm Water

11

Compliance Representatives of responsibility for the proper performance of any delegated task or for compliance with Storm Water Requirements. In addition, the following shall apply:

      i.     Designees shall have sufficient authority to perform the delegated tasks; and

      ii.     The Quarterly Compliance Inspection shall not be conducted by the same person who conducted a Site Inspection under Paragraph 13 (Inspections) at the Site during that quarter.

      e.     Storm Water Compliance Representatives may also hire Contractors to install, maintain or repair BMPs. Such Contractors need not be Designees to perform such tasks. Any such use of Contractors does not relieve Builder or its Storm Water Compliance Representatives of responsibility for the proper performance of any delegated task or for compliance with Storm Water Requirements.

      f.     Builder shall post the name and contact information for all Site Storm Water Compliance Representatives for a Site at a conspicuous location at each Site, such as at the construction office, or at an entrance or exit if the Site does not have a construction office.

      9.     <u>Notice to EPA of List of Sites.</u>

      a.     Within sixty (60) days of the Effective Date of the Decree, Builder shall provide a List of all Sites ("List of Sites") to the EPA representative listed in Section XIII in searchable electronic form, or in hard copy, in the format attached as Appendix A and as described as follows.

i. The initial List of Sites shall include all Sites where Builder has initiated construction activity and final stabilization has not occurred as of the Effective Date.

ii. The List of Sites shall provide, for each Site: (A) the State and County in which the Site is located; and (B) the Site name, the Site address, and latitude and longitude; (C) the date that the Pre-Construction Inspection and Review Form was signed, for Sites where Builder commenced construction activity after the Effective Date; (D) the estimated number of acres that will be disturbed at the Site; (E) the name of the permit holder; and (F) when applicable, the date the NOT was signed.

iii. Builder shall also include on the List of Sites the number of Sites owned or operated by any entity in which Builder has any interest.

b. Builder shall provide to the EPA representative listed in Section XIII an updated List of Sites on or before the 30th day after the end of each calendar quarter thereafter. The updated List of Sites shall include the information provided in Paragraph 9(a) for each Site, including new Sites. New Sites are those where commencement of construction activity occurred during the prior calendar quarter. For previously listed Sites, Builder is required to update only the permit holder name and the date the NOT was signed. Builder may remove Sites from the updated List of Sites after the date permit coverage was terminated under the Applicable Permit, but only after the date of permit coverage termination has appeared on at least one quarterly updated version of the List of Sites.

c. For purposes of this Paragraph 9, construction activity does not include geotechnical investigations, surveying, environmental testing, plant (vegetation) salvage, or the

13

initial installation of storm water controls that are not sediment basins, provided that none of these activities involves significant soil disturbance.

10. <u>Permits</u>. Solely for the purposes of compliance with this Decree, at a Site where coverage under an Applicable Permit is or will be required, Builder shall obtain permit coverage at that Site prior to signing the Pre-Construction Inspection and Review Form, or within the time required by the Applicable Permit, whichever is earlier. This provision is not an admission by either party as to the requirements for obtaining an Applicable Permit under the Clean Water Act.

11. <u>Storm Water Plans and Records</u>

a. For each Site, Builder shall prepare a Site-specific SWPPP prior to signing the Pre-Construction Inspection and Review Form, or within the time required by the Applicable Permit, whichever is earlier. This Paragraph 11 only applies to Sites at which the Pre-Construction Inspection and Review Form is signed after the Effective Date.

b. Builder shall provide a copy of Appendix B of this Consent Decree to the persons who prepare each of its SWPPPs. The development of all SWPPPs shall be guided by the national SWPPP guidance and templates, which can be found at http://cfpub.epa.gov/npdes/stormwater/swppp.cfm#guide.

c. All SWPPPs and SWPPP amendments shall comply with the terms and conditions of the Applicable Permit, and when not in conflict with the Applicable Permit, this Decree. Each SWPPP shall:

i. be Site specific;

ii. identify the BMPs that will be used for each anticipated major phase of construction;

iii.      incorporate the inspection frequency and routine maintenance deadlines under the Applicable Permit; and

iv.      include clear, concise descriptions of Site-specific BMPs to implement the requirements of the Applicable Permit and to guide those responsible for overseeing implementation of the SWPPP at each phase of construction.

d.      Each SWPPP shall contain a statement by the preparer that its development was guided by the requirements of Paragraph 11(c) and the national SWPPP guidance and templates.

e.      SWPPPs shall be revised or amended in accordance with the Applicable Permit.

f.      All SWPPPs and SWPPP amendments shall be certified as required by the Applicable Permit.

g.      The Site Storm Water Compliance Representatives shall review the SWPPP for his/her Site, and such review shall not be delegated.

h.      The SWPPP and any Records required to be maintained by the Applicable Permit or Paragraphs 8 (Designation of Storm Water Compliance Representatives), 12 (Pre-Construction Inspection and Review), 13 (Inspections), and 14 (Maintenance) shall be maintained at the Site construction office if the Site has one. If there is no construction office, the nearby location of the SWPPP and these Records shall be posted along with, or adjacent to, the contact information of the Site Storm Water Compliance Representative required by Paragraph 8(f).

12. Pre-Construction Inspection and Review.

    a.    For Sites where Builder commences construction activity more than thirty (30) days after the Effective Date, a Storm Water Compliance Representative or Designee shall perform a Pre-Construction Inspection and Review prior to Builder's commencement of construction activity at that Site.

    b.    For purposes of Paragraph 12, the commencement of construction activity does not include geotechnical investigations, surveying, environmental testing, plant (vegetation) salvage, or the initial installation of BMPs that are not sediment basins, provided none of these activities involve significant soil disturbance.

    c.    The Pre-Construction Inspection and Review shall include an inspection of the entire Site and completion of the Pre-Construction Inspection and Review Form attached at Appendix C. Prior to the commencement of Builder's construction activity, a Responsive Action shall be completed for each Action Item on the Pre-Construction Inspection and Review Form, identified during the Pre-Construction Inspection and Review.

    d.    A Storm Water Compliance Representative shall review and sign the Pre-Construction Inspection and Review Form, a task that may not be delegated. The Pre-Construction Inspection and Review Form shall be kept on Site as per Paragraph 11(h).

    e.    Where any entity other than Builder commenced construction activity at a Site and Builder takes title, in whole or in part, or becomes an operator to that Site after the Effective Date, Builder shall determine no later than ten (10) days after taking title or becoming an operator whether the portion of the Site to which Builder has taken title or has become the

16

operator has unstabilized soils. If so, Builder shall, as soon as practicable, install and maintain appropriate erosion and sediment control BMPs or assume responsibility for maintaining any existing appropriate erosion and sediment control BMPs for those portions of the Site with unstabilized soils. Failure of a co-permittee or another developer to install and/or maintain appropriate erosion and sediment control BMPs, shall not excuse Builder of its requirements pursuant to the Applicable Permits and this Consent Decree. If Builder determines that any SWPPP prepared for an entity that commenced construction at such Site prior to Builder taking title or becoming the operator is ineffective, then Builder shall, as soon as practicable but no less than 10 days after taking title or becoming the operator, amend and implement a SWPPP at such Site. Nothing in this Paragraph shall affect Builder's obligation to obtain and comply with Applicable Permits at the newly acquired Sites.

13. <u>Inspections</u>.

a.    At a minimum, the Site Storm Water Compliance Representative shall inspect each Site at the frequency required by the Applicable Permit. The Site Inspection requirements for each Site shall go into effect on the date the Pre-Construction Inspection and Review Form is signed, or on the date required by the Applicable Permit, whichever is earlier.

b.    Commencing thirty (30) days after the Effective Date, the Site Storm Water Compliance Representative shall record Site Inspections on the Site Inspection Report form attached as Appendix D. If a Designee conducts an inspection, the Site Storm Water Compliance Representative shall review and sign the completed Site Inspection Report, a task that may not be delegated. The Site Inspection Report shall be certified in accordance with the terms of the Applicable Permit.

c.   The final Site Inspection Report generated prior to the submittal of an NOT shall be clearly labeled as such.

d.   The Site Inspection Reports shall be kept with the SWPPP.

14.   <u>Maintenance</u>.

a.   Builder shall maintain each Site in accordance with Storm Water Requirements.

b.   For every Action Item on the Site Inspection Report that is identified during a Site Inspection required by Paragraph 13 (Inspections) or on the Quarterly Compliance Inspection Form that is identified during a Quarterly Compliance Inspection as required by Paragraph 15 (Site Storm Water Compliance Review and Oversight), the Site Storm Water Compliance Representative shall record the information required on the applicable forms (Appendices D or E).  The information required includes: a specific reference to the Action Item including the date of the inspection, a brief description of the Responsive Action taken, and the date the Responsive Action was completed.  The Responsive Action Log, Site Inspection Report, or the single identifiable document or database referenced above shall be kept on Site as per Paragraph 11(h).

15.   <u>Site Storm Water Compliance Review and Oversight</u>.

a.   Builder shall provide for Site oversight and review by following the procedures in the subparagraphs below.

b.   At least once during each calendar quarter, beginning with the first quarter after the Effective Date or the first quarter after the date the Pre-Construction Inspection and Review is signed, whichever is later, the Corporate Storm Water Compliance Representative

shall conduct a Quarterly Compliance Inspection of each Site. The results shall be recorded on a Quarterly Compliance Inspection/Quarterly Compliance Review Form attached as Appendix E. The Quarterly Compliance Inspection shall not be conducted by the same person who conducted a Site Inspection under Paragraph 13 (Inspections) at the Site during that Quarterly Reporting Period.

       c.    No later than seven (7) days after the Quarterly Compliance Inspection, the Corporate Storm Water Compliance Representative shall complete a Quarterly Compliance Review in accordance with the form attached at Appendix E (Quarterly Compliance Inspection/Quarterly Compliance Review Form). The Corporate Storm Water Compliance Representative shall review the Quarterly Compliance Inspection/Quarterly Compliance Review Form with the Site Storm Water Compliance Representative, both of whom shall sign the Quarterly Compliance Inspection/Quarterly Compliance Review Form for the Site. No task in this subparagraph may be delegated except as provided in Appendix E.

       d.    The Site Storm Water Compliance Representative(s) shall be responsible for managing the completion of a Responsive Action for each Action Item identified during the Quarterly Compliance Inspection or Quarterly Compliance Review (identified in Appendix E) in the same manner as required under Paragraph 14 (Maintenance).

    16.    Quarterly Compliance Summary Report. The Corporate Storm Water Compliance Representative shall prepare a Quarterly Compliance Summary Report in accordance with the form attached at Appendix F. The Quarterly Compliance Summary Report shall be reviewed and signed by the Corporate Storm Water Compliance Representative, a task that may not be delegated. The first Quarterly Compliance Summary Report shall be due thirty

(30) days after the end of the third full month after the Effective Date. Subsequent Quarterly Compliance Summary Reports are due within thirty (30) days of the end of each three month period. Copies shall be sent to all Site Storm Water Compliance Representatives.

17.  Corporate Compliance Summary Report. The Corporate Storm Water Compliance Representative shall prepare the Corporate Compliance Summary Report in accordance with the form attached as Appendix G. The Corporate Storm Water Compliance Representative shall certify the report. The tasks in this Paragraph may not be delegated. The Corporate Compliance Summary Report shall be submitted to the EPA representative listed in Section XIII. The first Corporate Compliance Summary Report shall be due thirty days after the end of the first six months after the Effective Date. The second Corporate Compliance Summary Report shall be due thirty days after the first twelve months after Entry. Thereafter, the Corporate Compliance Summary Reports shall be due annually.  Copies of the Corporate Compliance Summary Reports shall also be sent to all Storm Water Representatives.

18.  Storm Water Training Program.

a.  The Storm Water Training Program shall include: employee storm water training; Storm Water Compliance Representative training; and annual refresher training. Training under this program may be live or provided through electronic media.

i.  Builder shall provide employee storm water training to all Builder employees who, in the field at a Site, primarily and directly supervise (or who primarily and directly assist in the supervision of) construction activity at a Site and who are not covered by subparagraph 18(a)(ii). Builder employees must complete the employee storm water training no later than sixty (60) days after the Effective Date, or no later than thirty

20

(30) days after beginning work at a Site, whichever is later. The employee storm water training syllabus is attached at Appendix H. The employee storm water training program may be the same as the Storm Water Compliance Representative training program.

ii. Builder shall provide Storm Water Compliance Representative training to all Storm Water Compliance Representatives and any Designee of such representative, who is a Builder employee, pursuant to the syllabus attached as Appendix H. To be certified as Storm Water Trained under this subparagraph, all Storm Water Representatives and Designees, who are Builder employees, must complete the Storm Water Compliance Representative training and pass a written, on-line, or computer-based test, which is equivalent to the test attached as Appendix I. All Storm Water Compliance Representatives and Designees, who are Builder employees, shall be certified as Storm Water Trained no later than thirty (30) days after the Effective Date, or prior to being a designated Storm Water Compliance Representative at a Site, whichever is later.

iii. Builder shall provide annual refresher training for Storm Water Compliance Representatives and Builder employee Designees who were previously certified under subparagraph 18(a)(ii). Each such person shall complete the annual refresher training, pursuant to the syllabus attached as Appendix H and pass a written test which is equivalent to the test attached as Appendix I. Storm Water Compliance Representatives and Builder employee Designees shall maintain a current certification in order to continue performing their duties under this Decree.

iv.  Builder shall maintain records of each Storm Water Compliance

Representative's and Designee's certification.  Builder shall provide such records to EPA

within thirty (30) days of request.

b.  Every instructor for Builder's Storm Water Training Program shall be

either: (i) a Storm Water Consultant or (ii) a Storm Water Trained Builder employee.

c.  Builder shall annually evaluate its Storm Water Training Program and

determine whether any changes are necessary.  A written evaluation of the Storm Water Training

Program and a description of any significant proposed changes for EPA's approval shall be

included in the second semi-annual Corporate Compliance Summary Report, and every annual

Corporate Compliance Summary Report thereafter.

19.  <u>Storm Water Orientation Program</u>.

a.  Not later than seven (7) days after the Site Pre-Construction Inspection and

Review Report for a Site is signed, Builder shall provide to all Listed Contractors and Storm

Water Consultants responsible for that Site the following information: Builder's Site specific

compliance expectations including, but not limited to, access to the Site SWPPP; how to obtain

additional storm water compliance information; and the potential consequences of non-

compliance with Storm Water Requirements at that Site.

b.  Within sixty (60) days of the Effective Date or prior to a Listed Contractor

or Storm Water Consultant beginning work for Builder, whichever is later, Builder shall provide

to each Listed Contractor or Storm Water Consultant on an internet web page, Site signage or

otherwise delivering to each Listed Contractor or Storm Water Consultant: an overview of the

Builder's storm water program; information explaining how to contact a Site Storm Water

Representative as required by Paragraph 20(b); the "Dos and Don'ts List" (Appendix K of this Consent Decree); and a description of the potential consequences for failure to comply with Storm Water Requirements.

20. Contractor and Storm Water Consultant Compliance.

a.     After the Effective Date of this Decree, written requests for bids from Listed Contractors and Storm Water Consultants for work at a Site shall notify the bidding Listed Contractors and Storm Water Consultants that any successful bidder must comply with the Applicable Permit.

b.     Builder's contracts entered into or modified after the Effective Date of this Decree with Listed Contractors and Storm Water Consultants shall: (i) require compliance with the Applicable Permit and with instructions by Builder's Storm Water Compliance Representatives to comply with Storm Water Requirements; (ii) require all Listed Contractors to circulate the "Dos and Don'ts List" (Appendix K of this Consent Decree) to their employees and sub-contractors prior to working at a Site; (iii) require designation of a Contractor Representative or Storm Water Consultant Representative, respectively, with the authority to oversee, instruct, and direct their respective employees and subcontractors at a Site regarding compliance with Storm Water Requirements; (iv) require the Contractor Representative or Storm Water Consultant Representative to contact a Builder's Site Storm Water Compliance Representative to obtain any additional storm water compliance information; (v) where the information required by Paragraph 19(a) is provided through an internet site, identify the internet site and require the Listed Contractor Representative or Storm Water Consultant Representative to review the posted information; and (vi) describe the consequences for failure to comply with the Applicable Permit.

21.    Corporate Acquisition. In the event that Builder acquires the business or all or substantially all of the assets of another company by purchase or merger after the Effective Date of this Consent Decree, Paragraphs 8-20 of the Consent Decree shall apply to all of the acquired Sites owned or operated by the acquired company. Builder's obligation to comply with Paragraphs 8-20 of this Consent Decree with respect to acquired Sites shall begin 180 days from the date of closing the transaction, or after a longer period if agreed to in writing by the Builder and Plaintiff in light of the size of the acquisition. If a Site already has an existing SWPPP, then Builder does not need to comply with Paragraph 11 (Storm Water Plans and Records) or respond to question 10 on Appendix C (Pre-Construction Inspection and Review Form) at such Site. If construction activity has commenced (as defined in Paragraph 12) at a Site of the acquired company, then Builder need not comply with the requirements of Paragraph 12 (Pre-Construction Inspection and Review) at that Site. Nothing in this Paragraph shall affect Builder's obligation to obtain and comply with Applicable Permits at the newly acquired Sites.

22.    Submission of Records.

a.    Within thirty (30) days of EPA's request for a Record, Builder shall provide a copy of any Record required under this Decree, or after a longer period if agreed to in writing by the Builder and Plaintiff in light of the size of the request.

b.    The submittal of any Record to EPA pursuant to Paragraph 9 (Notice to EPA of List of Sites), Paragraph 17 (Corporate Compliance Summary Report), or Paragraph 22(a) shall be accompanied by a certification that meets the requirements of 40 C.F.R. § 122.22(b)-(d).

## V. CIVIL PENALTY

23.     Amount.  Within thirty (30) days after the Effective Date of this Consent Decree, Builder shall pay the total sum of sixty thousand dollars ($60,000) to the United States as a civil penalty.  Failure to pay the civil penalty shall subject Builder to interest accruing from the first day after the 30-day period has run until the date payment is made at the rate established under 28 U.S.C. § 1961.  Failure to pay the civil penalty after the 30-day period has run shall also subject Builder to stipulated penalties, set forth in Section VII.

24.     Method of Payment.  Builder shall pay the civil penalty due to the United States by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Builder following the Effective Date of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's Office for the Western District of North Carolina, Suite 1650, 227 West Trade Street, Charlotte, NC 28202, (704) 344-6222.  At the time of payment, Builder shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in United States v. Eastwood Construction Company, Inc. et al., and shall reference the civil action number and DOJ case number 90-5-1-1-08694, to the United States in accordance with Section XIII of this Decree (Notices); by email to acctsreceivable.CINWD@epa.gov; and by mail to EPA Cincinnati Finance Office, 26 Martin Luther King Drive, Cincinnati, OH 45268.

25.     Tax Deduction.  Builder shall not deduct the civil penalty paid under this Section in calculating its federal income tax.

## VI. REPORTING REQUIREMENTS

26.     The reporting requirements of this Consent Decree do not relieve Builder of any reporting obligations required by the Clean Water Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

27.     Whenever any violation of this Consent Decree or any other event affecting Builder's performance under this Decree, may pose an immediate threat to the public health or welfare or the environment, Builder shall notify EPA orally or by electronic or facsimile transmission as soon as possible, but no later than 24 hours after Builder first knew of the violation or event. Nothing in this Paragraph relieves Builder of its obligation to provide the notice required by Section VIII of this Consent Decree (Force Majeure).

28.     Reports required to be submitted pursuant to provisions of this Consent Decree are to be submitted to the persons designated in Section XIII of this Consent Decree (Notices).

29.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VII. STIPULATED PENALTIES

30.     Builder shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure). A violation includes failing to perform any obligation required by the terms of this Decree according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree. Plaintiff may use the reports submitted by Builder

26

or information gathered by Plaintiff to identify violations for which stipulated penalties may be assessed.

a.      Discharge(s) of pollutants from a Site to a water of the United States prior to obtaining coverage as required under an Applicable Permit: $2,500 per day of such discharge(s).

b.      Failure to comply with any requirement of Paragraphs 10 (Permits); 11 (Storm Water Plans and Records); 12 (Pre-Construction Inspection and Review); 13(a), (b) (Inspections); 14 (Maintenance); 15(Site Storm Water Compliance Review and Oversight); 18 (Storm Water Training Program); 19 (Storm Water Orientation Program); 20 (Contractor and Storm Water Consultant Compliance):

| Days | Stipulated Penalty |
|------|--------------------|
| 1st through 7th days | $1000 per violation per day |
| 8th through 14th days | $2000 per violation per day |
| Greater than 14 days | $2500 per violation per day. |

c.      Failure to comply with any requirement of Paragraph 14 (Maintenance):

| Days | Stipulated Penalty |
|------|--------------------|
| 1st through 7th days | $100 per violation per day |
| 8th through 14th days | $500 per violation per day |
| Greater than 14 days | $2500 per violation per day. |

d.      Failure to comply with any requirement of Paragraphs 8(a), (b), (f) (Designation of Storm Water Compliance Representatives); 9(a), (b) (Notice to EPA of List of

27

Sites); 13(c), (d) (Inspections); 16 (Quarterly Compliance Summary Report); 17 (Corporate

Compliance Summary Report); 21 (Corporate Acquisition); 22 (Submission of Records):

| Days | Stipulated Penalty |
|---|---|
| 1st through 7th days | $750 per violation per day |
| 8th through 14th days | $1500 per violation per day |
| Greater than 14 days | $2000 per violation per day. |

    e.    Failure to pay the civil penalty and any accrued interest required to

be paid under Section V, Paragraph 23 (Civil Penalty) when due: $1,000 per day late.

    31.    <u>Payment of Stipulated Penalties</u>.  All penalties owed to Plaintiff under this Section

shall be due and payable within thirty (30) days of Builder's receipt from the United States of a

demand for payment of the penalties, unless Builder invokes the procedures under Section IX

(Dispute Resolution).  All payments of stipulated penalties due to the United States shall be made

by Electronic Funds Transfer ("EFT") to the United States Department of Justice lockbox bank

referencing DOJ case number 90-5-1-1-08694 and the civil action number.  Payment shall be

made in accordance with the instructions provided by the United States Attorney's Office after

the Effective Date of the Decree.  After payment, Builder shall mail a cover letter specifying the

amount and date of payment, civil action number, DOJ case #90-5-1-1-08694 and reason for

payment, to the United States in accordance with Section XIII (Notices); by email to

acctsreceivable.CINWD@epa.gov; and by mail to EPA Cincinnati Finance Office, 26 Martin

Luther King Drive, Cincinnati, OH 45268.

    32.    For stipulated penalties that are assessed "per day," penalties shall begin to accrue

on the day after performance is due or on the day a violation occurs, whichever is applicable, and

shall continue to accrue until performance is completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of the Consent Decree. Penalties shall accrue regardless of whether Plaintiff has notified Builder of a violation, but need not be paid until a demand is made.

33. Plaintiff may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

34. Stipulated penalties shall continue to accrue during any period of Dispute Resolution, but need not be paid until the following:

    a. If the dispute is resolved by agreement of the Parties or by a decision of the United States that is not appealed to the Court, Builder shall pay accrued penalties determined to be owing, together with interest, to Plaintiff within fifteen (15) days of the effective date of the agreement or the receipt of the United States' decision or order.

    b. If the dispute is appealed to the Court and the Plaintiff prevails in whole or in part, Builder shall pay all accrued penalties determined by the Court to be owing, together with interest, within thirty (30) days of receiving the Court's decision or order, except as provided in subparagraph c, below.

    c. If any Party appeals this Court's decision, Builder shall pay all accrued penalties determined to be owing, together with interest, within 15 days of receiving the final appellate court decision.

35. Builder shall not deduct stipulated penalties paid under this Section in calculating its federal income tax.

36.     If Builder fails to pay stipulated penalties when due, Builder shall pay interest on such penalties, at the rate established by the Secretary of the Treasury under 28 U.S.C. § 1961, beginning on the date payment became due.  Nothing in this Paragraph shall be construed to limit Plaintiff from seeking any remedy otherwise provided by law for Builder's failure to pay any stipulated penalties.

37.     Subject to the provisions of Section XI of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Builder's violation of this Consent Decree or applicable law.  However, the amount of any statutory penalty assessed for a violation of this Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Decree for the same violation.

## VIII. FORCE MAJEURE

38.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Builder, of any entity controlled by Builder, or of Builder's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Builder's best efforts to fulfill the obligation.  The requirement that Builder exercise "best efforts to fulfill the obligation" includes anticipating any potential force majeure event and addressing the effects of any such event: (a) as it is occurring; and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible.  "Force Majeure" does not include Builder's financial inability to perform any obligation under this Consent Decree.

39.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Builder shall provide notice orally or by electronic or facsimile transmission to the United States as soon as practicable. Within ten (10) days thereafter, Builder shall provide in writing to the United States an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Builder's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Builder, such event may cause or contribute to an endangerment to public health, welfare or the environment. Builder shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure event. Failure to comply with the above requirements shall preclude Builder from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Builder shall be deemed to know of any circumstance of which Builder, any entity controlled by Builder, or Builder's Contractors knew or should have known.

40.     If the United States agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by Plaintiff for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any

31

other obligation. The United States will notify Builder in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

41.     If the United States does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, the United States will notify Builder in writing of its decision.

42.     If Builder elects to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution), it shall do so no later than fifteen (15) days after receipt of the United States' notice. In any such proceeding, Builder shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Builder complied with the requirements of Paragraph 39 above.

## IX. DISPUTE RESOLUTION

43.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.

44.     Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when the United States receives from Builder a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed twenty (20) days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal

32

negotiations, then the position advanced by EPA shall be considered binding unless, within twenty (20) days after the conclusion of the informal negotiation period, Builder invokes formal dispute resolution procedures as set forth below.

45.     Formal Dispute Resolution. Builder shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving upon the United States a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Builder's position and any supporting documentation relied upon by Builder.

46.     EPA shall serve its Statement of Position within forty-five (45) days of receipt of Builder's Statement of Position. EPA's Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by EPA. EPA's Statement of Position shall be binding on Builder, unless Builder files a motion for judicial review of the dispute in accordance with the following Paragraph.

47.     Judicial Review. Builder may seek judicial review of the dispute by filing with the Court and serving on all representatives of the United States, in accordance with Section XIII of this Consent Decree (Notices), a motion requesting judicial resolution of the dispute. The motion must be filed within thirty (30) days of receipt of EPA's Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Builder's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

48. The United States shall respond to Builder's motion within the time period allowed by the Local Rules of this Court. Builder may file a reply memorandum, to the extent permitted by the Local Rules.

49. <u>Standard of Review</u>. Except as otherwise provided in this Consent Decree, in any dispute that is accorded review on the administrative record under applicable principles of administrative law, Builder shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law. For purposes of this Decree, the administrative record shall comprise the Statements of Position exchanged by the Parties pursuant to Paragraphs 45, 46 (Formal Dispute Resolution) above, including any documents attached to or incorporated by reference in those Statements. Except as otherwise set forth in this Consent Decree, in any other dispute, Builder shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Storm Water Requirements.

50. The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Builder under this Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 34. If Builder does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII (Stipulated Penalties).

## X. INFORMATION COLLECTION AND RETENTION

51.     The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any Site covered by this Consent Decree, at all reasonable times, upon presentation of credentials, to:

a.     monitor the progress of activities required under this Consent Decree;

b.     verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

c.     obtain samples;

d.     obtain documentary evidence, including photographs and similar data; and

e.     assess Builder's compliance with this Consent Decree.

52.     Until one (1) year after the termination of this Consent Decree, Builder shall retain, and shall instruct its Contractors and agents to preserve, all non-identical copies of all Records or other information (including documents, records, or other information in electronic form) in its or its Contractors' or agents' possession or control, or that come into its or its Contractors' or agents' possession or control, and that relate in any manner to Builder's performance of its obligations under this Consent Decree. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.

53.     At the conclusion of the information-retention period provided in the preceding Paragraph, Builder shall notify the United States at least ninety (90) days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding

Paragraph and, upon request by the United States, Builder shall deliver any such documents, records, or other information to the United States.

54.     Builder may assert that certain Records (or other information) are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Builder asserts such a privilege, it shall provide the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Builder. However, no Records or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

55.     Builder may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to any information that Builder seeks to protect as CBI, Builder shall follow the procedures set forth in 40 C.F.R. Part 2.

56.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal, state or local laws, regulations, or permits, nor does it limit or affect any duty or obligation of Builder to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XI.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

57.     This Consent Decree resolves the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging.

58.     The United States reserves all legal and equitable remedies available to enforce

the provisions of this Consent Decree, except as expressly stated in Paragraph 57. This Consent

Decree shall not be construed to limit the rights of the United States to obtain penalties or

injunctive relief under the Clean Water Act or implementing regulations, or under other federal

or state laws, regulations, or permit conditions, except as expressly specified in Paragraph 57.

The United States further reserves all legal and equitable remedies to address any imminent and

substantial endangerment to the public health or welfare or the environment arising at, or posed

by, Builder's Sites, whether related to the violations addressed in this Consent Decree or

otherwise. The United States reserves all rights against Builder for any criminal liability.

59.     This Consent Decree is not a permit, or a modification of any permit, under any

federal, state, or local laws or regulations. Builder is responsible for achieving and maintaining

complete compliance with all applicable federal, state, and local laws, regulations, and permits;

and Builder's compliance with this Consent Decree shall be no defense to any action commenced

pursuant to any such laws, regulations, or permits, except as set forth herein. The United States

does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that

Builder's compliance with any aspect of this Consent Decree will result in compliance with

provisions of the Clean Water Act, 33 U.S.C. § 1251 et seq., or with any other provisions of

federal, state, or local laws, regulations, or permits.

60.     This Consent Decree does not limit or affect the rights of Builder or of the United

States against any third parties, not party to this Consent Decree, nor does it limit the rights of

third parties, not party to this Consent Decree, against Builder, except as otherwise provided by

law.

61.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XII. COSTS

62.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Builder, if the United States is ultimately successful in that action.

## XIII. NOTICES

63.     Unless otherwise specified herein, whenever notifications, submissions, or communications are required or permitted by this Consent Decree, they shall be made in writing and addressed as follows:

To the United States:

by U.S. Mail:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611
Washington, D.C. 20044-7611
Re: DOJ No. 90-5-1-1-08694

or

by Overnight Delivery:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D Street, N.W.
Washington D.C. 20004
Re: DOJ No. 90-5-1-1-08694

Namon Matthews
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street
Atlanta, Georgia 30303-8960

and

Judy Marshall
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street
Atlanta, Georgia 30303-8960

To EPA:

Namon Matthews
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street
Atlanta, Georgia 30303-8960

and

Judy Marshall
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street
Atlanta, Georgia 30303-8960

To Builder Eastwood Construction, LLC:

Justin Myers
Corporate Vice President of Operations
Eastwood Homes, Inc.
2857 Westport Road
Charlotte, NC 28208

and

Allen Nason
General Counsel
Eastwood Construction, LLC
2857 Westport Road

Charlotte, NC 28208

<u>To Builder Eastwood Homes</u>:

Justin Myers
Corporate Vice President of Operations
Eastwood Homes, Inc.
2857 Westport Road
Charlotte, NC 28208

and

Allen Nason
General Counsel
Eastwood Homes, Inc.
2857 Westport Road
Charlotte, NC 28208

64.     Any Party may, by written notice to the other Party, change its designated notice recipient or notice address provided above.

65.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XIV.  EFFECTIVE DATE

66.     The Effective Date of this Consent Decree shall be the Effective Date or the date a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XV.  RETENTION OF JURISDICTION

67.     This Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders

modifying this Decree, pursuant to Sections IX and XVI, or effectuating or enforcing compliance with the terms of this Decree.

## XVI. MODIFICATION

68. <u>Written Modification.</u>

a. The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties.

b. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

69. Any disputes concerning modification of this Decree shall be resolved pursuant to Section IX of this Decree (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 49, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVII. TERMINATION

70. After Builder has completed the requirements of Section IV (Builder's Compliance Program) of this Decree, has thereafter maintained continuous satisfactory compliance with this Consent Decree and Builder's permits for a period of three years, has complied with all other requirements of this Consent Decree, and has paid the civil penalty and any stipulated penalties that are due as required by this Consent Decree, and provided that there are no unresolved matters subject to dispute resolution pursuant to Section IX and no enforcement action under this Decree is pending, Builder may serve upon the United States a

Request for Termination, stating that Builder has satisfied those requirements, together with all necessary supporting documentation.

71.     Within thirty (30) days of receipt by the United States of Builder's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Builder has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Decree may be terminated, the United States shall submit, for the Court's approval, a motion for termination of the Decree.

72.     If the United States does not agree that the Decree may be terminated, Builder may invoke Dispute Resolution under Section IX of this Decree. However, Builder shall not seek Dispute Resolution of any dispute regarding termination, under Paragraph 45 of Section IX, until ninety (90) days after service of its Request for Termination. In any dispute concerning termination of this Decree, Builder shall bear the burden of proving that all conditions required for termination of this Decree are satisfied.

## XVIII. PUBLIC PARTICIPATION

73.     This Consent Decree shall be lodged with this Court for a period of not less than thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Builder consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by this Court or

to challenge any provision of the Decree, unless the United States has notified Builder in writing that it no longer supports entry of the Decree.

## XIX. SIGNATORIES/SERVICE

74.     The undersigned representative of each Party certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

75.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

76.     Builder agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XX. INTEGRATION

77.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  Other than the Appendices, which are attached to and incorporated into this Decree, no other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XXI. FINAL JUDGMENT

78.     Upon approval and Entry of this Consent Decree by this Court, this Consent Decree shall constitute a final judgment of this Court as to the United States and Builder. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

## XXII. APPENDICES

79.     The following appendices are attached to and part of this Consent Decree:

"Appendix A" is the List of Sites;

"Appendix B" is the SWPPP Guidance and Templates;

"Appendix C" is the Pre-Construction Inspection and Review Form;

"Appendix D" is the Site Inspection Report;

"Appendix E" is the Quarterly Compliance Inspection/Compliance Review Form

"Appendix F" the Quarterly Compliance Summary Report Form;

"Appendix G" Corporate Compliance Summary Report;

"Appendix H" is the Training Program Syllabus;

"Appendix I" is the Training Exam;

"Appendix J" is Listed Contractors;

"Appendix K" is Dos and Don'ts Lists.

Dated and entered this 11th day of _May_, 2010.

UNITED STATES DISTRICT JUDGE
_Western_ District of _NC_

44

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States v. Eastwood Construction, LLC and Eastwood Homes, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR PLAINTIFF UNITED STATES OF AMERICA:

Date: 1/30/11

IGNACIA MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

Date: 1/30/11

ESPERANZA ANDERSON
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States v. Eastwood Construction, LLC and Eastwood Homes, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.


FOR PLAINTIFF UNITED STATES OF AMERICA:
(Continued)


Date: 12/13/10

MARY J. WILKES
Regional Counsel and Director
Office of Environmental Accountability
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States v. Eastwood Construction, LLC and Eastwood Homes, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR PLAINTIFF UNITED STATES OF AMERICA:
(Continued)

Date: 2 - 11 - 11

MARK POLLINS
Director, Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environment Protection Agency
2248A Ariel Rios Bldg
1200 Pennsylvania Ave., NW
Washington, DC 20460

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States v.</u>
<u>Eastwood Construction, LLC and Eastwood Homes, Inc.</u>, subject to the public notice
requirements of
28 C.F.R. § 50.7.


FOR DEFENDANT EASTWOOD CONSTRUCTION, LLC:




Date: 12/03/2010                    _____
                                    ALLEN NASON
                                    General Counsel
                                    Eastwood Construction, LLC
                                    2857 Westport Road
                                    Charlotte, NC 28208

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States v.</u>
<u>Eastwood Construction, LLC and Eastwood Homes, Inc.</u>, subject to the public notice
requirements of
28 C.F.R. § 50.7.


FOR DEFENDANT EASTWOOD HOMES, INC.:



Date: 12/03/2010 _____    _____
                           ALLEN NASON
                           General Counsel
                           Eastwood Homes, Inc.
                           2857 Westport Road
                           Charlotte, NC 28208